**BURRER, Assignee, Etc v KEYSTONE CONSTRUCTION & LOAN CO et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1194. Decided Dec 14, 1933

Harry M. Wolfe, Dayton, for the motion.
Roy G. Fitzgerald, Dayton, and Thomas H. Ford, Dayton, for Fidelity Building Assn.

## OPINION

By THE COURT

Submitted on motion of the plaintiff to dismiss the appeal of The Fidelity Building Association for the reason that the Court of Appeals has no jurisdiction on appeal from the Common Pleas Court on a case appealed from the Probate Court. Supporting the motion, we are cited to page 943, Kinkead's Ohio Civil Procedure, the pertinent part of which reads:

"To confer the right to appeal from the Court of Common Pleas it is essential that final judgment shall have been rendered in a civil action of which that court had original jurisdiction. The meaning of this limitation on the right to appeal is what its language imports, that appeals may only be taken from the Common Pleas in cases where it has exercised original as distinguished from appellate jurisdiction. It is not the policy to confer the right of two trials. Hence the rule is that the right of appeal does not extend to cases brought originally in a court inferior to the Common Pleas and then to allow an appeal from the latter court to the Court of Appeals. This right does not exist although the subject matter may be within the concurrent jurisdiction of the Common Pleas and the court inferior to it."

Supporting the text reference is made to §12224 GC; Norton v McLeary, 8 Oh St, 205; Clark v Hanna, 8 Oh St, 199; Winters v Ruff, 81 Oh St, 257.

The authorities cited supported the position of the mover prior to the Constitutional Amendment of 1912. The cases were all reported prior to that date. The Court of Appeals by Article 4, §6 of the Constitution of 1912 secures its jurisdiction, which provision is as follows:

"The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition, and procedendo and appellate jurisdiction in the trial of chancery cases * * *."

This provision establishes the limits of appellate jurisdiction in the Court of Appeals, which can not be enlarged or diminished by statutory enactment.

What constitutes chancery cases was considered in **Wagner v Armstrong, 93 Oh St, 443** and **Hollowell v Schraden, 96 Oh St, 599.**

A suit in foreclosure has without exception been recognized as a chancery proceeding which is appealable. We, therefore, are of the opinion that notwithstanding an appeal was had to the Common Pleas Court from the Probate Court there yet remains to the appellant the right to a determination of the cause in this court on appeal.

The motion will therefore be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.